IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA STEWARD on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| | ) Case No. |
| Plaintiff, | ) ) Judge |
| v. | ) ) Magistrate Judge |
| COLONIAL ICE CREAM, INC. d/b/a COLONIAL CAFE & ICE CREAM, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Rhonda Steward ("Plaintiff"), on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys, and for her complaint against Defendant Colonial Ice Cream, Inc. d/b/a Colonial Cafe and Ice Cream ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. Defendant operates seven (7) full-service restaurants in Illinois.

3. Plaintiff seeks to represent a class of current and former employees of Defendant who worked as servers, expos, and server assistants at Defendant's restaurants during the last three years and who were paid sub-minimum, tip-credit wages (collectively "Tip-Credit Employees").

1

4. Defendant paid its Tip-Credit Employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA.

5. The tip-credit provisions of the IMWL and FLSA permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with all requirements of the tip-credit provisions. In particular, an employer may pay a "tipped employee" less than minimum wage, that is, take a "tip credit" towards its minimum wage obligations, if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. § 203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. § 203(m).

6. Defendant willfully disregarded those requirements, and thus violated the minimum wage provisions of the IMWL and FLSA by (1) regularly requiring its Tip-Credit Employees, paid sub-minimum, tip-credit wage rates, to perform duties outside the scope of their tipped occupation, and (2) requiring its servers to contribute a portion of their tips to a tip pool that includes non-tipped employees working as "expos."

**THE PARTIES**

7. Plaintiff resides in and is domiciled in Kendall County, Illinois, which is located in this judicial district.

8. From approximately August 2011 to March 4, 2015, Plaintiff was employed by Defendant at its restaurant located at 1961 West Galena Road, Aurora, Illinois 60506.

9. During her employment with Defendant, Plaintiff worked as a server, greeter, and expo.

10. Defendant Colonial Ice Cream, Inc. is an Illinois corporation.

11. Defendant Colonial Ice Cream, Inc.'s principal place of business is located at 333 North Randall Road, St. Charles, Illinois 60174.

12. Defendant Colonial Ice Cream, Inc. operates restaurants under the name Colonial Cafe & Ice Cream at the following seven (7) locations: 2555 West Bunker Hill Drive, Algonquin, Illinois 60102; 1961 West Galena Road, Aurora, Illinois 60506; 5689 Northwest Highway, Crystal Lake, Illinois 60014; 600 South McLean Boulevard, Elgin, Illinois 60123; 1101 South Washington Street, Naperville, Illinois 60540; 1625 East Main Street, St. Charles, Illinois 60174; and 333 North Randall Road, St. Charles, Illinois 60174.

**BACKGROUND FACTS**

13. During Plaintiff's employment with Defendant, Plaintiff was paid less than the minimum wage to work as a server and an expo.

14. During a portion of Plaintiff's employment by Defendant as a server, she was paid $4.95 per hour.

15. During another portion of Plaintiff's employment by Defendant as a server, she was paid $5.20 per hour.

16. During a portion of Plaintiff's employment by Defendant as an expo, she was paid $4.95 per hour.

17. During another portion of her employment by Defendant as an expo, she was paid $7.00 per hour.

3

18. When Plaintiff worked for Defendant as a server, she was required by Defendant to perform work each shift that was outside of the scope of her tipped occupation ("Non-Tipped Work").

19. As a server for Defendant, Plaintiff was regularly required to perform a variety of Non-Tipped Work during her shifts, including: sweeping, mopping, and vacuuming the restaurant's floors; rolling silverware, which consisted of placing a knife, fork, and spoon in a paper napkin, rolling it in a particular fashion, and placing a band around the rolled napkin to keep it from unrolling; taking out the garbage to the dumpster or to an area in the back of the restaurant; and breaking down the soup station by putting soups into containers, dating them, and placing the containers in the walk-in cooler.

20. When Plaintiff worked as a server for Defendant, she was regularly assigned to work as a "closer," the server responsible for closing the restaurant at night.

21. When Plaintiff worked as a closing server for Defendant, she was regularly required to stay at the restaurant between thirty minutes (30) minutes and two (2) hours after the restaurant closed to perform Non-Tipped Work, including the Non-Tipped work described in Paragraph 19.

22. When Plaintiff was required to perform Non-Tipped Work as a server, Defendant continued to pay Plaintiff a sub-minimum, tip-credit wage.

23. When Plaintiff worked as a server for Defendant, she and other servers were required to contribute a portion of their tips to a tip pool.

24. On Saturdays and Sundays, a portion of the servers' contributions to the tip pool was distributed to employees working as expos.

25. Employees who worked for Defendant as expos, including Plaintiff, performed work at the expo line, which is located right outside of the kitchen.

26. Employees who worked for Defendant as expos, including Plaintiff, placed sauces and garnishes on customers' orders after the kitchen placed the main food items on the plate.

27. Employees who worked for Defendant as expos, including Plaintiff, did not interact with customers. As a result, employees who worked for Defendant as expos, including Plaintiff, were not considered "tipped employees" under the tip-credit provisions of the IMWL and FLSA, despite being paid sub-minimum, tip-credit wages under these statutes.

28. During her employment by Defendant, Plaintiff observed server assistants perform Non-Tipped Work during their shifts, including cleaning the restaurant's bathrooms.

29. Defendant's server assistants were paid sub-minimum, tip-credit wages, even when Defendant required them to perform Non-Tipped Work.

30. Defendant published checklists at its restaurants detailing the Non-Tipped Work that Tip-Credit Employees were required to perform during their shifts.

31. At all times relevant hereto, Plaintiff was an "employee" of Defendant as defined by the IMWL, 820 ILCS 105/3(d).

32. At all times relevant hereto, Plaintiff was an "employee" of Defendant as defined by the FLSA. 29 U.S.C. § 203(d).

33. At all times relevant hereto, Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

34. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined in the IMWL, 820 ILCS 105/3(c).

35. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

36. Defendant is an "enterprise" as defined by the FLSA. 29 U.S.C. § 203(r)(1).

37. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

38. During the course of her employment by Defendant, Plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

39. During the last three calendar years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### Class Action

Plaintiff reincorporates the previous allegations of this Complaint as if fully set forth in this Count I.

40. This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and the class of Tip-Credit Employees that she represents (the "Class") all their earned minimum wages.

41. Plaintiff and the Class are current and former employees of Defendant who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. Plaintiff brings this Count I as a class action under Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff and the Class worked as servers, expos, and server assistants[1] in Defendant's Illinois restaurants.

43. Defendant paid Plaintiff and the Class an hourly rate less than minimum wage.

44. For example, during her employment, Defendant paid Plaintiff $4.95 per hour and $5.20 per hour to work as a server and $4.95 per hour and $7.00 per hour to work as an expo. *See* Ex. A, representative earnings statements.

45. An employer may pay a "tipped employee" less than minimum wage, that is, take a "tip credit" towards its minimum wage obligations, if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. § 203(m). The tip credit provisions do not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

46. Defendant has a practice of regularly using Tip-Credit Employees to perform Non-Tipped Work, including sweeping, mopping, and vacuuming floors, taking out the garbage, cleaning bathrooms, and performing food expediting work, while continuing to pay those employees tip-credit wages.

47. When "tipped employees also perform non-tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work." *Driver v. AppleIllinois,*

---

1 Plaintiff never worked as a server assistant, but she observed server assistants performing their job duties.

*LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014).

48. Defendant also required servers to contribute a portion of their tips to a tip pool that included non-tipped employees (*i.e.* employees working as expos).

49. Defendant's practices violate the minimum wage provisions of the IMWL.

50. Plaintiff will seek to certify this Count I as a class action pursuant to Fed. R. Civ. P. 23.

51. Defendant has employed more than forty (40) Tip-Credit Employees at its Illinois restaurants during the last three years.

52. As a result, the Class is so numerous that joinder of all members is impracticable.

53. Plaintiff and the Class are equally affected by the minimum wage violations of Defendant, and the relief sought is for the benefit of the Plaintiff and the Class.

54. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

55. Plaintiff and the Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus additional damages, interest, attorneys' fees and the cost of this lawsuit.

56. If individual actions were required to be brought by each member of the Class who was injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

57. The books and records of Defendant are material to Plaintiff's action as they disclose the hours worked by each employee and the rate of pay for that work.

58. Plaintiff and her counsel are able to fairly and adequately represent and protect the interests of the Class.

59. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and the Class consistent with the minimum wage provisions.

60. Courts in the Northern District of Illinois routinely grant class certification in similar cases alleging violations of the tip-credit provision of the IMWL. *See, e.g., Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) and *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); *Clark v. Honey-Jam Cafe, LLC*, 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); *Johnson v. Pinstripes, Inc.*, 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); *Haschak v. Fox & Hound Rest. Grp., et al.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.,* 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May 7, 2012) (same).

61. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the Class pray for judgment against Defendant as follows:

A    judgment in the amount of all minimum wages due as provided by the Illinois Minimum Wage Law;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and additional damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.      reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

    D.      such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action

Plaintiff reincorporates the previous allegations of this Complaint as if fully set forth in this Count II.

62. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay minimum wages to Plaintiff and similarly-situated Tip-Credit Employees.

63. Plaintiff brings this Count II as a collective action. Plaintiff's consent form to act as representative plaintiff is attached hereto as Exhibit B.

64. Plaintiff and similarly-situated Tip-Credit Employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

65. Plaintiff and similarly situated Tip-Credit Employees were paid by Defendant at an hourly rate less than minimum wage.

66. Although Defendant took a tip credit in paying hourly wages to Plaintiff and similarly-situated Tip-Credit Employees, Defendant failed to comply with the predicate requirements under the Act.

67. Defendant regularly required Plaintiff and similarly-situated Tip-Credit Employees to perform Non-Tipped Work, while failing to pay them minimum wages while engaged in those non-tipped duties.

68. Defendant also required its servers to contribute to a tip pool that included non-tipped

employees (*i.e.* employees working as expos).

69. Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding the tip credit, and consequently, Defendant's failure to pay Plaintiff and similarly-situated Tip-Credit Employees all earned minimum wages, was a willful violation of the Act.

WHEREFORE, Plaintiff and similarly-situated Tip-Credit Employees pray for judgment against Defendant as follows:

A. judgment in the amount of the owed minimum wages for all time worked by Plaintiff and similarly-situated Tip-Credit Employees;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

Dated: March 16, 2015

Respectfully submitted,

/s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

11