IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA STEWARD on behalf of herself and all other persons similarly situated, known and unknown,<br><br>        Plaintiff,<br><br>v.<br><br>COLONIAL ICE CREAM, INC. d/b/a COLONIAL CAFE & ICE CREAM,<br><br>        Defendant. | Case No. 15-cv-2284<br><br>Magistrate Judge Cox |

## ORDER GRANTING FINAL APPROVAL

This Court having granted Preliminary Approval of the Settlement Agreement for Class and Collective Action Claims in the above-captioned matter on May 3, 2016, ECF No. 100, having reviewed Plaintiff's Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims and For an Award of Attorneys' Fees and Costs and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated May 3, 2016 (ECF No. 100), and defined as follows:

> All persons who worked for Defendant as servers and/or expos and who were paid a "tip credit" rate of pay at any time between March 16, 2012 and October 2015.

2. The Court finds that the Settlement Class satisfies the requirements of Rule 23(a)

and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Court finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the Hearing on Final Approval regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including phone number of Class Counsel from whom Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiff's case on the merits, weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement.

5. The Court further finds that with regard to the FLSA claims, which includes Fair Labor Standards Act ("FLSA") claims asserted by Class Members and those asserted by server assistants who previously filed consents to opt-in to this collective action lawsuit, the proposed settlement is a fair and reasonable resolution of the *bona fide* dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of litigation; the stage of the proceedings; the risks of establishing liability and/or

damages; the risks of maintaining the Action through the trial; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund in light of all the risks of litigation.  All persons in the Settlement Class who cash a Settlement Check shall also be opting in to become a party to the case under the FLSA.

6. The Gross Settlement Amount of $525,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions. The absence of any objections to the Settlement by the Class Members likewise supports approval of the Settlement.  Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

7. Within 14 days of this Order, Defendant shall transfer the Gross Settlement Fund of $525,000.00 to the Settlement Administrator.

8. Class Members shall each receive their ratable shares of the Net Settlement Fund in accordance with the calculations provided for in the Settlement Agreement.

9. The Court approves the Class Representative Service Award to Rhonda Steward in the amount of $7,500.00 to be paid for her time and effort spent conferring with Class Counsel, filing and pursuing the Action, answering written discovery, producing documents, providing a sworn declaration, attending the settlement conference, and in recovering compensation on behalf of all Class Members. Within 14 days of receiving the Gross Settlement Fund, the Settlement Administrator will send a check to Plaintiff's Counsel issued to Rhonda Steward for her Service Award. No taxes will be withheld from the Service Award.

10. Within 14 days of receiving the Gross Settlement Fund, the Settlement Administrator shall mail all Class Members their settlement payments from the Net Settlement Award Funds (the Net Settlement Award Funds = the Gross Settlement Fund minus Court-awarded attorneys' fees and costs, the Settlement Administrator's fee, and Plaintiff Steward's Service Payment). Forty percent (40%) of each Net Settlement Award shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining sixty percent (60%) of each Net Settlement Award, and the Class Representative Service Award, shall be allocated as penalties, liquidated damages, interest and other non-wage recovery damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

11. Class Counsel is awarded one-third ($^1/_3$) of the Gross Settlement Fund, or $175,000.00 in attorneys' fees and $2,000.00 in costs. The Settlement Administrator shall pay Class Counsel these attorney's fees and costs within 14 days of receiving the Gross Settlement Fund from Defendant.

12. The deadline for Plaintiff and Class Members to cash settlement checks shall be ninety (90) days from the date the Settlement Administrator mails settlement payments to Class Members. Any uncashed or unclaimed checks will be retained by Defendant, and the Settlement Administrator shall tender to Defendant any such uncashed or unclaimed funds no later than 120 days from the date of mailing of the settlement payment checks.

13. The Court further orders that all Class Members who did not timely exclude themselves from the Settlement fully release and discharge Defendant from any and all claims that were asserted in this action and as set forth in the Settlement Agreement.

14. As identified in the declaration of Andy Morrison, Settlement Administrator, filed on August 15, 2016, the Court finds that Eric Rittgarn requested timely exclusion from the Settlement. Mr. Rittgarn is excluded from the Settlement Class certified herein and is not bound by the terms of the Settlement Agreement and is not entitled to participate in the monetary portion of the Settlement.

15. The Court grants final approval of the Settlement and dismisses this case without prejudice, to automatically convert to a dismissal with prejudice on January 31, 2017. Until January 31, 2017, this Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

ORDERED this 9th day of September, 2016 in Chicago, Illinois

_____
THE HONORABLE SUSAN COX
UNITED STATES MAGISTRATE JUDGE